IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEAPXPERT UK LIMITED, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §   No. 1:25-cv-00939-DAE |
| | § |
| MIRRORWEB LIMITED, | § |
| | § |
| *Defendant*. | § |

ORDER

Before the Court is Plaintiff LeapXpert UK Limited's *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Expedited Discovery, filed on June 18, 2025. (Dkt. # 2.)

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the Application and relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application. (Dkt. # 2.) The Court **DENIES** the request for a temporary restraining order and **GRANTS** the request for limited expedited discovery. The Court will set a hearing on the Application with respect to a preliminary and/or permanent injunction by separate order.

1

BACKGROUND

On June 18, 2025, Plaintiff LeapXpert UK Limited ("Plaintiff" or "LeapXpert") filed a Verified Complaint for Injunction and Other Relief, alleging that Defendant MirrorWeb Limited ("Defendant" or "MirrorWeb") breached a Partnership Agreement with LeapXpert and committed trade secret misappropriation.  (See generally Dkt. # 1.)

LeapXpert is a communications software company that provides organizations with accessible digital records of all business interactions carried out over messaging applications.  (Dkt. # 1 at ¶ 8.)  The company assists businesses in ensuring proper governance and regulatory compliance over their digital communications.  (Id. at ¶ 8.)   LeapXpert's offerings include a Digital Communication Governance ("DCG") solution, which allows businesses to archive, manage, and protect corporate digital communications.  They also include a Federated Messaging Orchestration Platform ("FMOP") which combines different messenger applications into a single interface that businesses can use to manage communications across those differing applications while still maintaining data privacy and compliance.  (Id. at ¶¶ 9–10.)  MirrorWeb is a small, cloud-based archiving software company.  (Id. at ¶ 14.)

LeapXpert and MirrorWeb entered into a Partnership Agreement in July 2023.  (Id. at ¶ 18.)  The Partnership Agreement provided that MirrorWeb

would incorporate LeapXpert's DCG and FMOP solutions into MirrorWeb's software-as-a-service platform and sell LeapXpert's solutions globally to all of MirrorWeb's customers.  (Id. at ¶ 19.)  Pursuant to the Partnership Agreement, MirrorWeb agreed it would not hinder or interfere with the sale of, or misrepresent, LeapXpert's solutions.  (Id. at ¶ 20.)  MirrorWeb also agreed that for the duration of the Partnership Agreement and for a term of one year following its expiration, MirrorWeb would not compete with LeapXpert.  (Id. at ¶ 21.)  Specifically, MirrorWeb agreed it would not use LeapXpert's confidential information to create a product with the same or similar features as LeapXpert's.  (Id. at ¶ 22.)

        LeapXpert alleges that MirrorWeb has committed several violations of its Partnership Agreement, and has unlawfully used and continues to use LeapXpert's confidential information to develop a competing product. LeapXpert's Complaint brings claims for breach of contract and misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA").  (Id. at ¶¶ 70–94.)  The Complaint seeks injunctive relief, judgment for the breach, damages, disgorgement, attorneys' fees and costs, and pre- and post-judgment interest.  (Id. at 23–24.)

        LeapXpert filed its *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Expedited Discovery concurrently with its Complaint.  (See Dkt. ## 1, 2.)  LeapXpert asks the Court to:

(1) enjoin MirrorWeb from breaching the non-compete provision; (2) enjoin MirrorWeb from interfering with LeapXpert's business; and (3) enforce MirrorWeb's obligations under the Agreement. (Dkt. # 2 at 6.) LeapXpert also seeks expedited discovery to confirm the extent of the MirrorWeb's alleged breach. (Id.)

## LEGAL STANDARDS

I. Temporary Restraining Order

Rule 65 of the Federal Rules of Civil Procedure states that a court may issue a temporary restraining order ("TRO") without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

To obtain a TRO, a plaintiff must establish that (1) there is a substantial likelihood that it will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction

is not adverse to the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)).

A TRO, like all injunctive relief, is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. Sepulvado v. Jindal, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), cert. denied, 134 S. Ct. 1789 (2014). The party moving for a TRO must carry the burden as to all four elements before a TRO may be considered. See Voting for America, Inc. v. Steen, 732 F.3d 382, 386 (5th Cir. 2013).

II. Expedited Discovery

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except "when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). Under Federal Rule of Civil Procedure 26, a trial court has "wide discretion to manage the discovery process." United Biologics, LLC v. Am. Acad. of Allergy, No. SA-14-CV-35-OLG, 2014 WL 12637937, at *2 (W.D. Tex. Mar. 20, 2014) (citation omitted). "The Fifth Circuit has not established a standard for allowing expedited discovery, but the majority of courts considering the issue have adopted a 'good cause' standard." Id. (citation omitted). To determine "good cause," courts within the Fifth Circuit often consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for

requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Id.; see also Stockade Companies, LLC v. Kelly Rest. Grp., LLC, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017). The party seeking expedited discovery has the burden of showing good cause, and the subject matter of the discovery must be narrowly tailored. St. Louis Grp., Inc. v. Metals & Additives Corp., 275 F.R.D. 236, 240 (S.D. Tex. 2011).

## DISCUSSION

I.   Temporary Restraining Order

LeapXpert seeks a temporary restraining order ("TRO") immediately, and without notice to MirrorWeb, to maintain the pre-dispute status quo by (1) enjoining MirrorWeb from breaching the non-compete provision; (2) enjoining MirrorWeb from interfering with LeapXpert's business; and (3) enforcing MirrorWeb's obligations under the Agreement. (Dkt. # 2 at 6.)

In support of its Application, LeapXpert contends it is likely to succeed on the merits of its claims, saying it has demonstrated MirrorWeb is actively breaching the Partnership Agreement and non-compete clause. (Dkt. # 2 at 9–10.) LeapXpert reasons it will suffer irreparable harm due to the nature of the breach of the non-compete and use of protected confidential information. Specifically, LeapXpert proffers that any continued breach threatens (1) loss of

LeapXpert's business relationships and goodwill, and (2) disclosure and misuse of confidential information which money damages cannot compensate. (Id. at 11–12.) LeapXpert further reasons the balance of equities and the public interest favors granting it a TRO. (Id. at 13–14.)

LeapXpert has not met the technical requirements for notice under Rule 65(b)(1)(B) for the Court to issue a TRO. Rule 65(b)(1)(B) indicates that a court may only issue a TRO without notice to the adverse party if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). LeapXpert has not indicated what, if any attempts, were made to apprise MirrorWeb of LeapXpert's *Ex Parte* Application and the relief sought therein. The Court has reviewed the Complaint, the underlying Application, and exhibits and declarations in support. Those materials indicated only that the parties have been in communication as to whether there has been a breach of the Partnership Agreement—not that LeapXpert did, or intended to, move for a TRO or other injunctive relief. The Court may deny the Application for TRO on this basis alone. Marrufo v. Couch, No. MO:19-CV-00064-DC, 2020 WL 4718061 (W.D. Tex. Jan. 24, 2020). Accordingly, as LeapXpert has not satisfied this technical requirement for the issuance of a TRO under Rule 65(b)(1), the Court **DENIES** its Application for a TRO.

II.  Expedited Discovery

LeapXpert also seeks limited expedited discovery to determine the extent of MirrorWeb's alleged breach. Specifically, LeapXpert seeks a recorded product demonstration of MirrorWeb's connector tool, which LeapXpert alleges MirrorWeb developed by using LeapXpert confidential information. LeapXpert also requests to depose MirrorWeb to obtain discovery regarding the similarity of the connector tool to its products and to determine whether confidential information was used in its development.

The Court finds good cause exists for limited expedited discovery. The discovery is limited in scope and directly relevant to whether a preliminary injunction is warranted in this case. See Legacy of Life, Inc. v. Am. Donor Servs., Inc., No. SA-06-CA-0802-XR, 2006 WL 8435983 (W.D. Tex. Oct. 10, 2006) (finding expedited discovery reasonable where preliminary injunction related to use of trade-secret and confidential information was pending). The Court therefore **GRANTS** LeapXpert's request for limited expedited discovery. LeapXpert is permitted to obtain a recorded product demonstration of MirrorWeb's connector tool and a deposition of MirrorWeb.

CONCLUSION

For the reasons above, Plaintiff LeapXpert UK Limited's *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, Permanent

Injunction and Expedited Discovery is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that LeapXpert's Application for a TRO is **DENIED**.

**IT IS FURTHER ORDERED** that LeapXpert's request for limited expedited discovery is **GRANTED**.

**IT IS FINALLY ORDERED** that LeapXpert's Application for a preliminary and/or permanent injunction will be set for a hearing by separate order.

**Dated**: Austin, Texas, June 23, 2025.

_____
David Alan Ezra
Senior United States District Judge